```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

       Plaintiff,


v.                                             Civil Action No. 2:16-0070

**SHELTERING ARMS PERSONAL CARE HOME, INC., and COUNTRY COVE ASSITED LIVING, LLC, and WILLOW BAY, LLC, and RANDY PRINCE,**

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is a motion to set aside the entry of default and leave to file an answer, filed by defendants on April 12, 2016.

On January 5, 2016, the United States of America ("United States") instituted this action against Sheltering Arms Personal Care Home, Inc. ("Sheltering Arms"), Country Cove Assisted Living, LLC ("Country Cove"), Willow Bay LLC ("Willow Bay") and Randy Prince ("Prince"). On January 6, 2016, summons were issued. On February 19, 2016, defendants were personally served. On March 23, 2016, the clerk entered default against all

1

defendants, after the United States moved on March 22, 2016, for entry of default by the clerk.

On April 12, 2016, counsel for defendants moved the court to set aside the entry of default. In their supporting memorandum, defendants contend, in essence that:

1. Prince is the president and shareholder of Sheltering Arms, which operates two assisted living facilities: Country Cove and Willow Bay;

2. Shortly after being served the complaints, Prince sought the advice and counsel of attorney Eugene Pecora;

3. Pecora declined to represent Prince but told him to send a letter to Megan Hoffman-Logsdon at the Department of Justice answering the complaint as best he could;

4. On March 4, 2016, Prince sent such a letter to Hoffman-Logsdon; and

5. On or about March 24th or 25th Mr. Prince received notice that a default had been entered on March 23, 2016 for failure to respond to the Complaint.

Defendants contend they acted with reasonable promptness and that they have meritorious defenses to the complaint. Specifically, they contend that:

2

> Mr. Prince has made payments of large amounts of money (over $150,000) to the IRS regarding the tax debt.  He does not believe that the amount he owes is correct.  Further, after he gave the IRS $140,000 for selling his land in 2014, he does not remember hearing back from Revenue Agent Kim Alverez regarding what he may have still owed.  He even called her a couple times but she never returned his call.
>
> . . .
>
> Further, in its Complaint the United States has made no allegations against Willow Bay or Country Cove at all.  As such, they should be dismissed from the Complaint.  Also, there are no allegations against Mr. Prince for any failure to pay or file any forms.  It is solely against Sheltering Arms.  The only allegation against Mr. Prince is for injunctive relief.
>
> Sheltering Arms closed its bank account in September 2014.  As of that date the business was closed.  Further in his letter/ answer and affidavit, Prince states that he is current on his tax deposits.  These deposits would be for Willow Bay and/or Country Cove.  This would be a defense to the injunctive relief, which requested that he be forced to stay current on his deposits.

Def. Memo. in Supp. of Motion Set Aside Entry of Default at 3-4.  Defendants have provided an affidavit of Prince that support these contentions.  See Exhibit 2 to Def. Mot. to Set Aside Entry of Default.  The United States has not responded to the motion.

Federal Rule of Civil Procedure 55(c) provides pertinently as follows: "For good cause shown the court may set aside an entry of default . . . ."  Fed. R. Civ. P. 55(c).  Our court of appeals has observed as follows respecting requests to set aside defaults:

3

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).  In assessing these factors, it is noteworthy that in the related context of default judgment set asides our court of appeals has observed that "over the years . . . [it has] taken an increasingly liberal view of Rule 60(b) . . . ."  Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988).

Regarding the issue of meritorious defenses, it is not clear as a matter of law whether defendants' defenses will be meritorious.  The matter requires further factual development and legal analysis best performed following an opportunity for both sides to engage in discovery.  See Augusta Fiberglass, 843 F.2d at 812 (" A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim. 'The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the

default.'") (internal citations omitted). Thus, this factor weighs in favor of granting defendants' motion.

The other <u>Payne</u> factors also weigh in favor of granting defendants' motion. Defendants moved promptly for relief from default, less than three weeks after they learned that default had been entered against them. <u>Cf.</u> <u>Augusta Fiberglass</u>, 843 F.2d at 812 ("Showing awakened speed, Fodor moved for relief within two weeks of the entry of the judgment, well within the rule's one-year limit."). Additionally, inasmuch as Prince sent a letter to the Department of Justice directly, on the advice of counsel, defendants do not bear all responsibility for the default. Moreover, no cognizable prejudice to the United States has been demonstrated. Finally, there is no history of dilatoriness on defendants' part.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That defendants' motion to set aside default be, and it hereby is, granted;

2. That the entry of default against defendants be, and it hereby is, set aside effective today; and

3. That defendants be, and they hereby are, given leave to file answers to the complaint no later than October 20, 2016.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

ENTER: October 6, 2016

John T. Copenhaver, Jr.
United States District Judge