UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Civil Action No. 2:16-0070

SHELTERING ARMS PERSONAL CARE
HOME, INC., and COUNTRY COVE ASSISTED
LIVING, LLC, and WILLOW BAY, LLC,
and RANDY PRINCE,

        Defendants.


MEMORANDUM OPINION AND ORDER


        Pending is a motion to dismiss the complaint filed by

Country Cove Assisted Living, LLC ("Country Cove") on October

13, 2016 and a motion to dismiss the complaint filed by Willow

Bay, LLC ("Willow Bay") that same day.


I.


        The United States instituted this action by filing a

complaint with the court on January 5, 2016.  In the complaint,

the United States alleges that defendant Sheltering Arms

Personal Care Home, Inc. ("Sheltering Arms") is a West Virginia

corporation that operates two assisted living facilities in

Fayette County, West Virginia, through its subsidiaries Country Cove and Willow Bay. Complaint, ("Compl.") ¶ 3. The complaint alleges that Randy Prince is the president and sole shareholder of Sheltering Arms. Id. at ¶ 4. According to the United States, "Sheltering Arms is responsible for paying the wages of Country Cove's and Willow Bay's employees; for withholding, collecting, and paying over to the Internal Revenue Service the federal employment taxes associated with those wages; and for filing the federal employment and unemployment tax returns associated with those wages." Id. at ¶ 3.

Count One of the complaint alleges that Sheltering Arms filed "Employer's Quarterly Federal Tax returns" for taxable quarters ending between September 30, 2007 and June 30, 2014. Id. at ¶ 5. Based on the unpaid federal tax liabilities reported as due and owing on those returns, a representative of the Secretary of the Treasury made assessments against Sheltering Arms for the unpaid employment taxes, penalties, and interest for the quarterly tax periods that ended between September 30, 2007 and June 30, 2014. Id. The United States alleges that as of August 10, 2015, Sheltering Arms is indebted to the United States for federal employment taxes in the amount of $183,021.60. Id. at p. 8.

The United States additionally alleges that Sheltering Arms has unpaid Federal Unemployment Tax Act liabilities including taxes, penalties, and interest in the amount of $167,67.74 as of August 10, 2015 and Corporate Income Tax liabilities including taxes, penalties, and interest in the amount of $17,359.80 as of that same date.  Id. at ¶ 6-7.

In addition, Sheltering Arms was assessed a civil tax penalty of $1,020 for its failure to timely file Wage and Tax Statements for the tax period ending on December 31, 2008.  Id. at ¶ 8.  The outstanding balance of the penalty as of August 10, 2015 is $1,163.43.  Id.  Sheltering Arms has failed to pay the assessment due to the United States.  Id. at ¶ 9.

The United States alleges that Sheltering Arms owes it $218,377.44 as of August 10, 2015, plus interest and penalties accruing after that date.  Id.  No explanation is given as to why the United States seeks Count One monetary relief only against Sheltering Arms.

Count Two of the complaint seeks a permanent injunction against all defendants pursuant to 26 U.S.C. § 7402(a).  The United States alleges that Sheltering Arms has become delinquent in recent years by failing to file: (1) Quarterly Federal Employment Tax Returns for the quarters ending

3

on September 30, 2014 and December 31, 2014; (2) a Federal

Unemployment Tax return for the year ending in December 31,

2014; and (3) Federal Corporate Income tax returns for the

taxable years 2013 and 2014.  Id. at ¶ 11.  Despite efforts by

the Internal Revenue Service ("IRS") to bring Sheltering Arms

into compliance with its employment tax deposit and payment

obligations, including its recording of notices of federal tax

lien against Sheltering Arms; levying upon its bank accounts;

and agreeing to be paid on an installment plan, on which

Sheltering Arms continuously missed payments, Sheltering Arms

has failed to meet its legal obligations.  Id. at ¶ 12.  The

United States contends an injunction is necessary and

appropriate because without one, "Sheltering Arms and Randy

Prince are likely to continue to obstruct and interfere with the

enforcement of the internal revenue laws by pyramiding

employment and income taxes to the detriment of the United

States."  Id. at ¶¶ 16-21.

    As damages, the United States asks for judgment

against Sheltering Arms in the amount of $218,312.59 plus

statutory interest and other additions accruing after August 10,

2015.  Id. at p. 15.  In addition, it asks for a permanent

injunction ordering that all defendants:

i.   Withhold Federal income, Social Security, and Medicare
     taxes from the wages of its employees when those wages
     are paid and pay them, along with the employer's portion
     of the Social Security and Medicare taxes, over to the
     IRS according to law;
ii.  Establish a bank account in a bank (as defined pursuant
     to I.R.C. § 581) designated as "Sheltering Arms Personal
     Home Care [sic], Inc., Trustee, Special Fund in Trust for
     the United States" under I.R.C. § 7512; and
iii. In accordance with federal deposit regulations, make
     timely deposits of all taxes imposed by the Federal
     Unemployment Tax Act (FUTA taxes) as they become due into
     the account opened in accordance with paragraph B, above;
iv.  Within two days of each payroll date, make payroll
     deposits of withheld federal income, Social Security, and
     Medicaid taxes into the account opened in accordance with
     paragraph 2;
v.   File monthly returns on Form 941-M (Employer's Monthly
     Federal Tax Return) for the taxes normally required to be
     reported quarterly and file those returns no later than
     the 15th day of the month following the last day of the
     month covered by the return;
vi.  Within 30 days of the order for injunction, file an
     accurate Form 941, Employer's Quarterly Federal Tax
     Return (employment tax return), for each of the quarters
     ended [on] September 30, 2014 and December 31, 2014, with
     the IRS . . . .
vii. Within 30 days of the order for injunction, file an
     accurate Form 1120, U.S. Corporation Income Tax Return,
     for each of the taxable years 2013 and 2014 with the IRS
     . . . .
viii.  Provide proof to the IRS . . . no later than the 20th
     day of each month, that all withheld income, Social
     Security, and Medicare taxes and all FUTA taxes were
     deposited timely into the account opened in accordance
     with [section ii], above;
ix.  Provide copies of all employment and unemployment tax
     returns to Revenue Officer Kimberly Alvaraze or her
     designee . . . .
x.   Pay all outstanding liabilities reported on each return
     required to be filed;
xi.  Be prohibited from assigning any property or making any
     disbursements from the bank account (established in
     accordance with [section ii] above after the date of the
     injunction until amounts required to be withheld are paid
     to the IRS;

**xii.** Notify the IRS of any new company that Mr. Prince may
             become involved with, including the imposition of an
             affirmative duty upon Mr. Prince to notify the IRS or a
             designated revenue officer of any new business that they
             may come to own, manage or work for five (5) years from
             the date of entry of the injunction.

Id. at p. 15-16.  The United States also asks for its costs in

prosecuting this action and any other relief the court deems

appropriate.  Id. at p. 16.


        On March 22, 2016, the United States requested that

the clerk enter default against defendants due to their failure

to file a responsive pleading, which the clerk did on March 23,

2016.  On April 12, 2016, defendants filed a motion to set aside

entry of default and requested leave to file an answer to the

complaint.  On October 6, 2016, the court granted defendants'

motion to set aside entry of default and granted them leave to

file answers to the complaint.  As noted, on October 13, 2016,

Country Cove and Willow Bay filed motions to dismiss the

complaint.


        In the motion to dismiss, Country Cove and Willow Bay

contend that Counts One and Two must be dismissed as to them

because the United States has failed to make allegations that

would entitle it to relief.  See Country Cove's Memo. in Supp.

of Mot. to Dismiss at 1; Willow Bay's Memo. in Supp. of Mot. to

Dismiss at 1.  In response, the United States acknowledges that

in Count One it is only seeking a judgment for unpaid taxes as
to Sheltering Arms, not Country Cove or Willow Bay.  United
States' Response to Motion to Dismiss ("Resp.") at 1.  It
further states that it properly included Country Cove and Willow
Bay as parties because Count Two "seeks to enjoin them, along
with their parent company, from future interference with the
enforcement of revenue laws."  Id.  Country Cove and Willow Bay
thereafter filed a reply and amended reply to the United States'
response.

## II.

Federal Rule of Civil Procedure 8(a)(2) requires that
a pleader provide "a short and plain statement of the claim
showing . . . entitle[ment] to relief."  Fed. R. Civ. P.
8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  Rule
12(b)(6) correspondingly permits a defendant to challenge a
complaint when it "fail[s] to state a claim upon which relief
can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide
"'fair notice of what the . . . claim is and the grounds upon
which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957),
overruled on other grounds, Twombly, 550 U.S. at 563); see also

Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

## III.

Country Cove and Willow Bay argue that the complaint must be dismissed as to them because "no facts have been alleged against [them]." Country Cove Memo. in Supp. of Mot. to Dismiss at 4; Willow Bay Memo. in Supp. of Mot. to Dismiss at 4. In response, as noted, the United States contends that Count One is

only directed at Sheltering Arms, but that Count Two seeks to enjoin all defendants from future interference with the enforcement of revenue laws. Resp. at 1. Pursuant to 26 U.S.C. § 7402, the United States asserts that the complaint need only allege that an injunction is "necessary and appropriate for the enforcement of the internal revenue laws." Id. The government argues that Country Cove and Willow Bay "easily fall within the ambit of 'necessary and appropriate' because they are the operating subsidiaries of the defendant against whom the United States seeks a judgment for unpaid federal taxes and statutory additions to tax." Id. at 4.

In reply, Country Cove and Willow Bay first state that Sheltering Arms "shut down in 2012 and the bank account for Sheltering Arms . . . was closed approximately September 30, 2014." Country Cove and Willow Bay Reply ("Reply") at 2. Country Cove and Willow Bay further assert that Country Cove "no longer exists and Willow Bay is now its own entity now [sic] which runs a personal care home and pays its own Federal employment taxes and is currently up to date on payments." Id.

Country Cove and Willow Bay additionally assert that the court must apply the four traditional equitable factors in determining whether or not to grant an injunction under § 7402. They argue that the government is not entitled to an injunction

against them because it is not "necessary and appropriate" under

section 7402 and is additionally not warranted upon application

of the equitable factors.  Id. at 2-4.

26 U.S.C. § 7402(a) states,

> The district courts of the United States at the instance of
> the United States shall have such jurisdiction to make and
> issue in civil actions, writs and orders of injunction, and
> of ne exeat republica, orders appointing receivers, and
> such other orders and processes, and to render such
> judgments and decrees as may be necessary or appropriate
> for the enforcement of the internal revenue laws.  The
> remedies hereby provided are in addition to and not
> exclusive of any and all other remedies of the United
> States in such courts or otherwise to enforce such laws.

26 U.S.C. § 7402(a).  Pursuant to the provision, an injunction

against Country Cove and Willow Bay, if it is to be ordered,

must be "necessary or appropriate for the enforcement of the

internal revenue laws."  See id.  Moreover, the party against

which the government seeks an injunction need not have violated

internal revenue laws because "[s]ection 7402(a) is not limited

to enjoining specific conduct proven to violate tax laws. . . .

Courts have invoked § 7402(a) to enter an injunction even where

there was no violation of the internal revenue laws."  United

States v. ITS Financial, LLC, 592 F.App'x 387, 395 (6th Cir.

2014).

As discussed by the parties, some courts have found

that the four traditional equitable factors typically applied in

cases where a party seeks an injunction pursuant to common law

need not be applied when the government seeks an injunction

authorized by a statute such as section 7402(a).  See, e.g., ITS

Financial, LLC, 592 F.App'x at 400 ("Section 7402(a) authorizes

district courts to issue injunctions "as may be necessary or

appropriate for the enforcement of the internal revenue laws."

As we have previously held regarding § 7408, because the statute

expressly authorizes the issuance of an injunction, the

traditional requirements for equitable relief need not be

satisfied.") (internal citations omitted); United States v.

Stover, 650 F.3d 1099, 1106 (8th Cir.2011) ("When an injunction

is explicitly authorized by statute, proper discretion usually

requires its issuance if the prerequisites for the remedy have

been demonstrated and the injunction would fulfill the

legislative purpose. . . . The traditional criteria for

permanent injunctive relief need not be discussed.") (internal

quotations and citations omitted).  The equitable factors are:

> (1) that [the plaintiff] has suffered an irreparable
> injury; (2) that remedies available at law, such as
> monetary damages, are inadequate to compensate for that
> injury; (3) that, considering the balance of hardships
> between the plaintiff and defendant, a remedy in equity is
> warranted; and (4) that the public interest would not be
> disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

Contrary to assertions by Country Cove and Willow Bay,

at the pleadings stage, the court need only determine whether the complaint states a claim for a permanent injunction against them, not whether the injunction is warranted in these particular circumstances.  Whether the equitable factors apply to the grant of an injunction and whether the court should grant the requested injunction in this case are appropriately handled at a later stage of litigation.

The court finds that the United States has stated a claim for injunctive relief against Country Cove and Willow Bay. The complaint alleges that Country Cove and Willow Bay are the operating subsidiaries of Sheltering Arms, and that Sheltering Arms "was responsible for withholding, collecting and paying to the [IRS] federal employment taxes and filing returns, while it was in business."  Compl. at ¶ 3.  The complaint further alleges that an injunction is "necessary and appropriate for enforcement of the internal revenue laws and prevention of continued violations, as Defendants continue to flout the federal tax laws and accrue further tax liabilities."  Id. at 16.  As noted, the government need not allege that all defendants violated internal revenue laws in order to seek an injunction against them.  See ITS Financial, LLC, 592 F.App'x at 395.  Finally, whether Country Cove and Willow Bay are still in operation or affiliated with Sheltering Arms and Randy Prince is a dispute related to

the merits of the government's claim for an injunction that need

not be resolved at the motion to dismiss stage.

### IV.

For the foregoing reasons, it is ORDERED that Country

Cove's motion to dismiss the complaint be, and it hereby is

denied.  It is further ordered that Willow Bay's motion to

dismiss the complaint be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order

to counsel of record and any unrepresented parties.

ENTER: April 17, 2017

John T. Copenhaver, Jr.
United States District Judge